IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| Dario Pintor, | Case No: _____ |
| *Plaintiff*, | |
| v. | Section: _____ |
| Law Offices of Mitchell D. Bluhm & Associates, LLC, *and* CF Medical, LLC, | Ad Damnum: **$2,000 + Atty Fees & Costs** |
| *Defendants*. | **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Dario Pintor** ("Mr. Pintor"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, the **Law Offices of Mitchell D. Bluhm & Associates, LLC**, doing business as **MBA Law** ("MBA Law"), and **CF Medical, LLC** ("CF") (collectively, "**Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Pintor against the Defendants for violations of the ***Fair Debt Collection Practices Act***, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), and the ***Florida Consumer Collection Practices Act***, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and the FCCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendants within Hillsborough County.

## PARTIES

5. **Mr. Pintor** is a natural person residing in the City of Tampa, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

6. Mr. Pintor is also known as **Dario Pintor Campos.**

7. **MBA Law** is a Georgia limited liability company, with a primary business address of **3400 Texoma Parkway, Suite 100, Sherman, TX 75090.**

8. MBA Law is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324**.

9. MBA Law is licensed as a *Consumer Collection Agency* ("CCA") by the Florida Office of Financial Regulation, holding license number **CCA0900453. SEE PLAINTIFF'S EXHIBIT A.**

10. **CF** is a Nevada limited liability company, with a primary business address of **4730 South Ft. Apache Rd., Suite 300, Las Vegas, NV 89147.**

11. CF is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

12. CF is licensed as a CCA by the Florida Office of Financial Regulation, holding license number **CCA9903059. SEE PLAINTIFF'S EXHIBIT B.**

13. As licensed CCAs, the Defendants know or should know the requirements of the FDCPA and FCCPA.

14. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, Section 559.55(7), Florida Statutes, in that they use an instrumentality of commerce, including postal mail, interstate and within the state of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15. On August 12, 2015, Mr. Pintor was treated at *St. Joseph's Hospital-South* ("St. Joseph's").

16. St. Joseph's later claimed that Mr. Pintor owed $2,165.40 for medical services and related charges (the "**Debt**").

17. The Debt arose from the purchase of services which were for family, personal, or household purposes, specifically personal medical services, and therefore meets the definitions of *Debt* within the FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes, respectively.

18. The Debt was thereafter sold to CF.

19. CF later assigned the debt to MBA Law for collection.

20. On July 11, 2019, MBA Law sent Mr. Pintor a letter (the "**letter**"), on legal letterhead, printed in large type, appearing as follows:

> THE LAW OFFICES OF
> MITCHELL D. BLUHM & ASSOCIATES, LLC
> ATTORNEYS AT LAW

**SEE PLAINTIFF'S EXHIBIT C.**

21. The letter stated, "This **law firm** has been engaged regarding the above referenced matter" (**emphasis added**). *Id.*

22. The letter goes on to state, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.*

23. On information and belief, MBA Law never planned to have any attorney review the matter, as no litigation was authorized by CF.

24. On information and belief, CF does not sue consumers to recover the unpaid debts it purchases.

25. A search of public records shows that the only lawsuits to which CF was a party in Hillsborough County, Florida, were ones in which CF was a *defendant*.

26. Thus, no attorney at MBA Law would have had any reason to review the "particular circumstances" of Mr. Pintor's purported debt.

27. Courts have long recognized that attorney involvement in debt collection has a real effect on consumers, incentivizing payment when a debt may otherwise be disputed to avoid a lawsuit. *See, e.g., Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) ("Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency... An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking").

28. MBA Law's letter did not disclose that no attorney would likely *ever* review the circumstances of the debt or otherwise unambiguously state that no litigation would occur.

29. Indeed, the phrase "at this point in time" is a modifier to "no attorney at this firm...," which implies that an attorney with MBA Law may review the debt and recommend legal action at some time in the future – perhaps the near future – if the debt is not paid.

30. The letter was MBA Law's initial communication with Mr. Pintor and contained notice of his rights to dispute the debt pursuant to 15 U.S.C. § 1692g.

31. However, notice of these rights was printed on the *back* of the letter. **SEE PLAINTIFF'S EXHIBIT C.**

32. MBA Law's implied threats of impending litigation overshadowed Mr. Pintor's rights under 15 U.S.C. § 1692g to dispute the debt within 30 days of receipt of the initial communication, in substantial part because such rights were printed on the back of its letter.

33. A notice is "overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 416 (E.D. Va. 1997).

34. In order to adequately inform a consumer of his rights under Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000).

### Letter Claimed 40% Discount Was 'Limited Time' Offer When It Was Not

35. The letter also stated, "[w]e have been given authorization to convey an offer to resolve this account for a payment in the amount of $1299.24, which is 40% off of the balance. In order to accept this offer, payment must be tendered on or before 08/10/2019." **SEE PLAINTIFF'S EXHIBIT C.**

36. The letter established an August 10, 2019, *deadline* for accepting the discounted amount. *Id.*

37. CF's offer to settle for 60% was *not* a limited-time offer and had no genuine "expiration date," even though its agent framed it that way.

38. The imposition of the August 10, 2019, deadline was not based on the intention of MBA Law or CF to withdraw the 40% off settlement offer; it was intended to create a false sense of urgency in Mr. Pintor to falsely convince him that the failure to pay the $1,299.24 would result in a law firm pursuing him for the full $2,165.40.

39. On information and belief, CF was never unwilling to accept 60% of the balance from a Florida consumer to resolve medical debts which were more than three years delinquent; MBA Law would have been happy to accept $1,299.24 if tendered by Mr. Pintor after this date.

40. Creating an artificial deadline simply to compel prompt payment creates a false sense of urgency, in violation of the FDCPA. *See, e.g., Peter v. GC Services L.P., 310 F.3d 344* (5th Cir. 2002) (stating "section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive"); *Morgan v. Credit Adjustment Board, Inc.*, 999 F.Supp. 803, 808 (E.D.Va. 1998).

### Third Party Disclosure by MBA Law

41. Rather than preparing and mailing a collection letter on its own, MBA Law sent information regarding Mr. Pintor and the Debt to a commercial mail house called CompuMail, located around Concord, California ("**mail house**").

42. MBA Law disclosed to the mail house:

a. the fact that Mr. Pintor was a debtor;

b. the fact that Mr. Pintor allegedly owed $2,165.40 to St. Joseph's;

    c.    the fact that the Debt concerned his own medical treatment;

    d.    the fact that a law firm was now involved in the collection of the Debt;

    e.    the fact that CF had bought the Debt; and,

    f.    other highly personal information.

43. The mail house then populated some or all of this information into a pre-written template, printed the letter, and mailed it from California to Mr. Pintor's Florida residence.

44. The FDCPA defines *Communication* at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

45. The sending of an electronic file containing information about Mr. Pintor's purported debt to a mail house is a communication.

46. MBA Law's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the Debt to a third party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

47. Mr. Pintor never consented to sharing his personal and confidential financial and medical information with anyone.

48. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>". (emphasis added).

49. The mail house used by MBA Law as part of its debt collection effort does not fall within any permitted exception provided in 15 U.S.C. § 1692c(b).

50. Due to MBA Law's communication to this mail house, Mr. Pintor's confidential information, including his name, medical issues, the amount allegedly owed, and his home address are all within the possession of an unauthorized third party.

51. If a debt collector "conveys information regarding the debt to a third party — informs the third party that the debt exists or provides information about the details of the debt — then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

52. MBA Law unlawfully communicated with the unauthorized third-party mail house solely for the purpose of streamlining its profits without regard to the propriety of its actions or the privacy of the information which it disclosed to such third party.

53. In its reckless pursuit of a business advantage, MBA Law disregarded the humiliating effects and incredible invasion of privacy that disclosing sensitive medical information to an unauthorized third party has on a consumer.

54. CF, a debt collector, is liable for the actions of MBA Law, its attorneys and agents; *see Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf).

55. Mr. Pintor has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

### COUNT I
### VIOLATIONS OF THE FDCPA

56. Mr. Pintor adopts and incorporates paragraphs 1 – 55 as if fully restated herein.

57. The Defendants violated **15 U.S.C. § 1692c(b)** when MBA Law, as CF's agent, disclosed information about Mr. Pintor's purported Debt to the employees of an unauthorized

third-party mail house in connection with the collection of the Debt without Mr. Pintor's consent or other authority.

58.     The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** when MBA Law, as CF's agent, made false representations and/or used deceptive means in an attempt to collect a debt by: (a) failing to adequately disclose that no attorney with MBA Law would likely ever review the circumstances of the Debt since no litigation against Mr. Pintor was intended or authorized, in a communication written prominently on legal letterhead; (b) falsely claiming that a deadline of August 10, 2019, existed to accept a 60% settlement offer, as there was no real deadline, and the Defendants would have accepted this amount at any point *after* August 10, 2019, as well; and, (c) providing the legally required debt validation notices on the back of its initial communication while the front of the letter implied that legal action would be taken.

59.     The Defendants violated **15 U.S.C. § 1692e(5)** when MBA Law, as CF's agent, threatened action not intended to be taken, to wit, litigation.

60.     The Defendants violated **15 U.S.C. § 1692f** when MBA Law, as CF's agent, mailed a collection letter, prominently printed on legal letterhead, knowing that many consumers, like Mr. Pintor, will strongly react to the notion that an "attorney" is collecting their debt; MBA Law wrote its letter to give it plausible deniability that it had violated the FDCPA, when in reality, the letter was designed to encourage a consumer to believe that even though MBA Law had not had an attorney review the debt "at this time," the future could hold something much different if the debt was not paid. Additionally, MBA Law attempted to obtain settlement from Mr. Pintor by offering a *faux* limited-time discount offer, claiming payment had to be received by August 10, 2019, even though the Defendants would have honored settlement for this amount – or less – in the future.

61. At all times relevant hereto, MBA Law was acting as CF's authorized agent, within its scope of authority and upon its direction. As a result, CF is jointly liable under the principles of agency for the acts of its agent, MBA Law.

62. The Defendants' actions render them jointly and severally liable for the above-stated violations of the FDCPA, and Mr. Pintor is therefore entitled to statutory damages not to exceed $1,000.00, as well as other relief.

**WHEREFORE,** Mr. Pintor respectfully requests this Honorable Court to enter judgment against MBA Law and CF, jointly and severally, and for him, as follows:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

63. Mr. Pintor adopts and incorporates paragraphs 1 – 55 as if fully restated herein.

64. MBA Law violated Section **559.72(5)**, Florida Statutes, when it disclosed to a third party, the mail house, information that would affect Mr. Pintor's reputation, specifically details about Mr. Pintor's medical issues and his payment of debts; MBA Law knew there was no legitimate business *need* for this information, since MBA Law could easily have prepared and mailed the letter itself without disclosing the information to a third party.

65. MBA Law *intentionally chose* to disclose this information to the mail house as part of its debt collection effort in order to increase its operational efficiency and profits.

66. MBA Law violated Section **559.72(11)**, Florida Statutes, when it communicated with Mr. Pintor under the guise of an attorney, by sending a collection letter on legal letterhead

appearing to come from an attorney, but which had not been reviewed by any attorney and was thus *not* from an attorney in any meaningful sense; yet, the letter was crafted in a way to lead a consumer to believe otherwise.

**WHEREFORE,** Mr. Pintor respectfully requests this Honorable Court to enter judgment against MBA Law and CF, jointly and severally, and for him, as follows:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief prohibiting MBA Law and CF Medical from further violations of the FCCPA;

d. Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Mr. Pintor hereby demands a trial by jury on all issues so triable.

Respectfully submitted on October 22, 2019, by:

> Seraph Legal, P. A.
> */s/ Brandon D. Morgan*
> Brandon D. Morgan, Esq.
> Florida Bar Number: 1015954
> BMorgan@SeraphLegal.com
> */s/ Thomas M. Bonan*
> Thomas M. Bonan, Esq.
> Florida Bar Number: 118103
> TBonan@SeraphLegal.com
> 2002 E. 5th Avenue, Suite 104
> Tampa, FL 33605
> Tel: (813) 567-3434
> Fax: (855) 500-0705
> *Attorneys for Plaintiff*

**ATTACHED EXHIBITS LIST**
A    MBA Law's CCA License
B    CF's CCA License
C    MBA Law Collection Letter, Dated July 11, 2019

# EXHIBIT A
# MBA Law's CCA License



**REALSYSTEM**
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

**License Details**

Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| | |
|---|---|
| License Number: CCA0900453 | Current Date: 09/13/2019 04:18 PM |
| Name: | LAW OFFICES OF MITCHELL D BLUHM & ASSOCIATES LLC THE |
| License Type: | Consumer Collection Agency |
| License Status: | Current Active Registration |
| License Status Effective Date: | 11/13/2018 |
| Expiration Date: | 12/31/2019 |
| Original Date of Licensure: | 10/06/2008 |

**Addresses**

**Business Main Address**    Address
3400 TEXOMA PARKWAY
STE 100
SHERMAN, TX
GRAYSON
75090
US
View on a map

Phone Number:
9038133808

**Mailing Address**    Address
3850 N. CAUSEWAY BLVD.
SUITE 200
METAIRIE, LA
JEFFERSON
70002
US
View on a map

Search Results   New Search Criteria   New Search   Print

© 2018. MicroPact Version:2.11.6.47 (8ofr 143)

# EXHIBIT B
# CF's CCA License



**REALSYSTEM**
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

**License Details**
Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

**License Number:** CCA9903059   *Current Date: 09/13/2019 04:12 PM*
**Name:** CF MEDICAL, LLC
**License Type:** Consumer Collection Agency
**License Status:** Current Active Registration
**License Status Effective Date:** 11/14/2018
**Expiration Date:** 12/31/2019
**Original Date of Licensure:** 04/02/2013

**Addresses**

**Business Main Address**
Address:
4730 SOUTH FORT APACHE RD.
SUITE 300
LAS VEGAS, NV
CLARK
89147
US
View on a map

Phone Number:
6786823680

**Mailing Address**
Address:
3850 N. CAUSEWAY BLVD.
SUITE 200
METAIRIE, LA
JEFFERSON
70002
US
View on a map

Search Results   New Search Criteria   New Search   Print

© 2018. MicroPact Version:2.11.6.47 (bofr 143)

# EXHIBIT C
## MBA Law Collection Letter, Dated July 11, 2019





TOLL FREE
888-887-6755

FACSIMILE
903-893-4157

MITCHELL D. BLUHM
   ADMITTED IN GEORGIA

ROBERT B. RIDGEWAY
   ADMITTED IN TEXAS

MBA HOURS OF OPERATION
MON - THUR 8AM TO 7PM, CENTR
FRIDAY 8AM TO 5PM, CENTRAL
SATURDAY 8AM TO NOON, CENT

THE LAW OFFICES OF
**MITCHELL D. BLUHM & ASSOCIATES, LLC**
ATTORNEYS AT LAW
3400 TEXOMA PARKWAY, SUITE 100
SHERMAN, TEXAS 75090

July 11, 2019

Original Creditor:   St. Joseph's Hospital
Current Creditor:    CF Medical LLC
Original Account #:
MBA Account #:
Patient:             DARIO PINTOR CAMPOS
Date of Service:     08/12/2015
Balance:             $2165.40

Dear DARIO PINTOR CAMPOS:

This law firm has been engaged regarding the above-referenced matter. Your St. Joseph's Hospital account was acquired by CF Medical LLC and placed with this law firm for collection. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

We have been given authorization to convey an offer to resolve this account for a payment in the amount of $1299.24, which is 40% off of the balance. In order to accept this offer, payment must be tendered on or before 08/10/2019.

This offer and the deadline for accepting it do not in any way affect your rights to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this offer you are not giving up any of your rights regarding this debt.

To ensure professional service and compliance, all telephone calls to and from this firm may be monitored and/or recorded. If you would like to pay by telephone or have any questions regarding this letter, you may call us toll free at 888-887-6755. You will need this letter for reference if you want to pay your account online.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

---Detach Bottom Portion and Return With Payment---

DEPT 322    3824571419074
PO BOX 4115
CONCORD CA 94524

Amt Due: $1299.24

**RETURN SERVICE REQUESTED**

DARIO PINTOR CAMPOS

PLEASE SEND PAYMENTS & CORRESPONDENCE TO:

Law Offices of Mitchell D. Bluhm & Associates
P. O. Box 3269
Sherman, TX 75091

MBASET1-0710-1219178575-01872-1872

# EXHIBIT C
# MBA Law Collection Letter, Dated July 11, 2019

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

CHECK ONE: ____ MASTERCARD ____ VISA

ACCOUNT NUMBER _____ EXP. DATE _____

CARDHOLDER NAME _____

CARDHOLDER SIGNATURE _____

AMOUNT OF PAYMENT $ _____

MBASET1-0710-1219176375-01872-1872